UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC., BRANDON LLOYD, and AARON FLORENCE,<br><br>  Defendants. | No. 1:21-cv-00096-NONE-SKO<br><br>ORDER DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING SETTLEMENT OF PLAINTIFF'S PAGA CLAIM<br><br>(Doc. No. 17) |

On November 5, 2021, plaintiff Steven Clark and defendant United Parcel Service, Inc. filed a joint stipulation for dismissal of plaintiff's complaint with prejudice, including plaintiff's tenth cause of action for civil penalties pursuant to California's Private Attorney General Act ("PAGA"). (Doc. No. 17.) Therein, the parties stated that "after extensive negotiations" they reached an agreement to resolve the action, including plaintiff's PAGA claim, and intend to serve the stipulation on the California Labor Workforce Development Agency ("LWDA") at the same time that it is submitted to the court. (*Id*. at 2.)

Under California law, the trial court must "review and approve" any settlement of claims brought pursuant to PAGA. Cal. Lab. Code § 2699(*l*)(2). In order to review and approve the proposed settlement agreement, however, this court must have before it a copy of the fully executed agreement, or alternatively, a sworn declaration summarizing all relevant terms of the

1

agreement as it pertains to plaintiff's PAGA claims.  Accordingly, the court hereby orders the parties to file a copy of the proposed settlement agreement if it has not already been provided in full, or alternatively, a sworn declaration describing all relevant terms of the agreement.  In addition, the court directs the parties to submit briefing regarding the appropriate standard of review this court is to apply in considering and approving a settlement agreement pertaining to PAGA claims and how that standard has been met in this case.

For the reasons set forth above,

1. The parties are directed to file a supplemental brief, not to exceed five pages, by no later than November 30, 2021, (a) addressing the applicable standard of review in approving settlements of claims brought pursuant to PAGA, (b) identifying relevant authority, if any, to support their position, (c) addressing the reasons approval should be granted in light of the applicable legal standard;

2. The parties are further directed to file a copy of the fully executed settlement agreement,[1] or alternatively a sworn declaration describing all relevant terms of the agreement, on which the court may base its decision by no later than November 30, 2021; and

/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[1] To the extent the parties' settlement agreement includes provisions that do not pertain to plaintiffs' PAGA claims and that do not require court approval, the parties may request to file portions of the agreement under seal in accordance with this court's Local Rules and upon a showing that "compelling reasons" support such secrecy.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

3. The parties are reminded that pursuant to the Order of Clarification (Doc. No. 14), they should not expect any matter in this case to be addressed by a district judge until further notice.[2]

IT IS SO ORDERED.

Dated:   **November 9, 2021**              /s/ Dale A. Drozd
                                           UNITED STATES DISTRICT JUDGE

---

[2] The parties' stipulation indicates that they consent to magistrate judge jurisdiction. (Doc. No. 17 at 3.) However, Defendants Brandon Lloyd and Aaron Florence are not parties to the stipulation and have not otherwise indicated their consent to magistrate judge jurisdiction. "28 U.S.C. § 636(c)(1) requires the consent of ***all*** plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." *Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017) (emphasis added). Thus, because consent has not been obtained from all defendants, jurisdiction has not vested in the magistrate judge.