UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CLARK , <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., BRANDON LLOYD, and AARON FLORENCE, <br><br> Defendants. | No. 1:21-cv-00096-NONE-SKO <br><br> ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE TO THIS MATTER AND CLOSE THE CASE <br><br> (Doc. 20) |

On November 18, 2021, the parties filed a joint stipulation that this action be dismissed with prejudice. (Doc. 20.)

In relevant part, Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all the parties who have

appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Because the parties have filed a stipulation for dismissal of this case with prejudice that is signed by all who have made an appearance, this case has terminated.[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court SHALL assign a district judge to this matter and thereafter CLOSE the case.

IT IS SO ORDERED.

Dated:   **November 19, 2021**            /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The parties previously filed a joint stipulation for dismissal of Plaintiff's complaint with prejudice, including his tenth cause of action for civil penalties pursuant to California's Private Attorney General Act ("PAGA"), in which they indicated they had resolved "after extensive negotiations." (Doc. 17.) The presiding district judge observed that, under California law, the trial court must "review and approve" any settlement of claims brought pursuant to PAGA, and ordered the parties to submit supplemental briefing on the issue. (*See* Doc. 19 (citing Cal. Lab. Code § 2699(l)(2)).) Instead of filing such briefing, the parties filed the instant stipulation. The undersigned is left to conclude that Plaintiff has abandoned the settlement of his PAGA claim, since any attempt to do so without Court approval would be contrary to state law.